STATE v. THOS. LONG.

*Assault with intent to commit Rape—Evidence.*

1. The fact that the prosecutrix in an indictment for an assault with intent to rape is a lewd woman only goes to her credit.

2. If the prosecutrix consented to have connection with the prisoner upon certain terms, which the defendant refused, and attempted by force to carnally know

her without her consent, he is guilty of rape if he succeeds, and of an assault with intent to commit rape, if he does not succeed.

3. *It seems* that this offence is complete, if the defendant attempts to force the prosecutrix against her will, although she afterwards consents.

4. In order to warrant a verdict of guilty in indictments for assaults with intent to commit rape, it is sufficient if the evidence shows that the defendant intended to gratify his lust on the person of the prosecutrix notwithstanding any resistance on her part.

INDICTMENT for an assault with intent to ravish, tried before *Graves, Judge,* and a jury at Fall Term, 1885, of the Superior Court of YADKIN County.

The prosecutrix, Lucy Venable, testified that the defendant assaulted her in an indecent and forcible manner; that he dragged her into the woods and bit her on the face and shoulder; that she screamed and fought him until she forced herself from him.

The defendant, as a witness in his own behalf, admitted that he assaulted the prosecutrix, and bit her as alleged, but said he did so because she had snatched his handkerchief, which had ten cents tied up in it, and attempted to run off with it, and when he caught her, she refused to give it up, and struck him on the head with a stick. He denied any intent or attempt to have connexion with her by force or otherwise. A witness for the State testified that he saw the defendant in a few minutes after his struggle with the prosecutrix, and he told him that he had just had a struggle with the prosecutrix; that she offered to allow him to have carnal connexion with her, if he would pay her ten cents, and that he attempted to accomplish his purpose without paying her anything.

There was evidence that the prosecutrix was heard to cry out, about the time of the alleged assault, and that as soon as she reached her father's home, she made known the fact of the assault; and a warrant was issued for the arrest of the defendant.

There was other evidence tending to show that shortly before the alleged assault, the defendant proposed to another colored man to follow her and use force upon her.

His Honor, among other things which were not objected to by the defendant, charged the jury that if they believed that the

prosecutrix offered to allow the defendant to have connexion with her for ten cents, and he refused to pay that sum, and attempted to have connexion with her against her will and by force, he would be guilty of the crime charged in the bill of indictment.

To this the defendant excepted. There was a verdict of guilty. Rule for new trial. Rule discharged, and judgment against the defendant, from which he appealed.

*Attorney General,* for the State.

*Messrs. R. F. Armfield* and *Batchelor & Devereux,* for the defendant.

ASHE, J., (after stating the facts). We are of opinion there was no error in the charge of the Judge. The sole question in the case is, did the defendant attempt to have carnal knowledge of the prosecutrix by force and against her consent? The jury have found the fact that he did, and the verdict of the jury was well supported by the evidence; for the prisoner himself admitted a few minutes after the struggle, as testified to by the prosecutrix, that she offered to let him have carnal connexion with her if he would pay her ten cents, and he attempted to have connexion with her for nothing. This evidence of itself, independent of the testimony of the prosecutrix and the corroborating testimony of other witnesses, made out the criminal offence.

That she was a lewd woman and placed so small an estimate upon her favors, can make no difference. That only counts to her credit, for the fact that a woman is a common strumpet or the mistress of the defendant, is no bar, though such fact would undoubtedly prejudice her testimony. Wharton's Criminal Law, §1148. Nor can it make any difference that she consented, upon certain terms, if the defendant, refusing to comply therewith, attempted by force to have carnal knowledge of her person without her consent. In such cases the law allows a "*locus penitentiæ.*" There is no difference with respect to the "want of consent" as constituting a necessary ingredient of the offence, between

the higher crime of rape, and an assault with intent to ravish, and in *Wright* v. *State*, 4 Humphrey, (Tenn.) 193, which was an indictment for rape, it was held, that "although the person abused consented through fear, or was a common prostitute, or consented after the act, *or was taken first with her own consent, if she was afterwards forced against her will*, the offence would be committed."

In order to warrant a verdict of guilty in indictments of this nature, all that is required is, that the jury should be satisfied, not only that the defendant intended to gratify his passions on the person of the prosecutrix, but that he intended to do so at all costs, and notwithstanding any resistance on her part.  *Rex* v. *Lloyd*, 7 C. & P., 318.

We hold there was no error.  The judgment of the Superior Court is affirmed, and this must be certified to the Superior Court of Yadkin county, that the case may be proceeded with the judgment.

No error.                                         Affirmed.